**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AALIYAH WESTERMAYER | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: |
| | ) | |
| ST. LOUIS WING COMPANY, LLC | ) | |
| A Missouri Limited Liability Company | ) | |
| Serve:  Lawrence K. Tessler | ) | PLAINTIFF DEMANDS A TRIAL BY JURY |
| #2 Lawrence Dr. | ) | |
| St. Louis, MO 63131 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BOBBY TESSLER, an individual, | ) | |
| Serve at: 9816 Manchester Road | ) | |
| St. Louis, MO 63119 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW Plaintiff AALIYAH WESTERMAYER, by and through counsel and for her Complaint against Defendants ST. LOUIS WING COMPANY, LLC and BOBBY TESSLER states as follows.

**ALLEGATIONS COMMON TO ALL COUNTS**

1.       Plaintiff Aaliyah Westermayer (hereinafter "Westermayer") brings this action to redress acts of gender discrimination, sexual harassment, hostile work environment, in willful violation of the Missouri Human Rights Act and Title VII of the Civil Rights Act of 1964, and Equal Protection violations under 42 USC § 1983.

2.      Plaintiff is a female individual who resides in and is a citizen of St. Louis County, State of  Missouri.

3.      Defendant St. Louis Wing Company, LLC is a Missouri Limited Liability Company in good standing and operating within St. Louis County, State of Missouri.

4.      Defendant Bobby Tessler is a male individual and upon information and belief is the owner of St. Louis Wing Company, LLC and resides in and is a citizen of St. Louis County, State of Missouri.

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c)  because Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

7.      Plaintiff filed a timely Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission alleging that the Defendants engaged in discriminatory and harassing actions that are being raised in this lawsuit or, alternatively, all conduct alleged herein would have arisen from the investigation of such Charge.

8.      On August 19, 2020, the Equal Employment Opportunity Commission issued its Notice of Right to Sue.

9.      Plaintiff's claims are filed within 90 days of her receipt of her Notice of Right to

Sue.

10.     Plaintiff has fulfilled all conditions precedent to the bringing of this claim and has duly exhausted all administrative procedures prior to instituting this lawsuit in accordance with the law.

11.     Plaintiff Westermayer is a female individual.

12.     Plaintiff was hired by St. Louis Wing Company on May 3, 2019 as a cashier.

13.     Bobby Tressler is a male individual.

14.     At all relevant times, Defendant Bobby Tressler as owner of St. Louis Wing Company was the employer and supervisor of Plaintiff Westermayer.

15.     Following her employment, Defendant Tressler engaged in inappropriate and unwelcomed touching of Plaintiff.

16.     On or about July 2, 2019, Defendant Bobby Tressler made inappropriate and unwelcomed sexual comments at and directed to Plaintiff Westermayer because she was a female.

17.     Defendant Tressler also engaged in other inappropriate sexual behavior in the presence of Plaintiff.

18.     More specifically. Defendant Tressler told plaintiff that he "wanted to have sex" with Plaintiff and that he would "bend you over and stick it in you."

19.     Later the same day, when Plaintiff walked past Defendant Tressler's office he had the office door open with his hand down his pants.

20.     After completing her shift on July 2, 2019 Plaintiff did not return to work.

## COUNT I
### (Title VII – Gender Discrimination)

21.     Plaintiff Westermayer restates and realleges by reference paragraphs 1 through 20 above as though fully set forth herein against Defendants St. Louis Wing Company, LLC and Bobby Tessler

22.     The actions of Defendants as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq*.

23.     Upon information and belief, Defendants have engaged in a policy, pattern, and practice of discrimination against women.

24.     Defendants intentionally discriminated against Plaintiff based on her gender by subjecting her to a hostile work environment and denying her employment opportunities and training.

25.     Defendants' treatment of Plaintiff was specifically because of her sex.

26.     The actions of Defendants by intentionally discriminating against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

    **WHEREFORE**, Plaintiff respectfully requests:

> A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future

pecuniary losses, and pre-judgment interest;

B.  Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendants' conduct;

C.  A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

D.  A permanent injunction requiring the Defendants to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, *et seq.*;

E.  The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.  Such other relief as the Court may deem just or equitable.

## COUNT II
### (Title VII – Hostile Work Environment Sexual Harassment)

27.     Plaintiff Westermayer restates and realleges by reference paragraphs 1 through 26 above as though fully set forth herein against Defendants St. Louis Wing Company, LLC and Bobby Tessler.

28.     The actions of Defendants as perpetrated by its agents and as described and complained of above, are unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment which explicitly or implicitly affects Plaintiff's employment, unreasonably interferes with an Plaintiff's work performance, or creates an intimidating, hostile, or offensive work environment, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.*

29.     The actions of Defendants as described herein have caused Plaintiff great mental

anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendants' conduct;

C. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring the Defendants to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, *et seq.*;

E. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F. An award of reasonable attorneys' fees, costs, and litigation expenses; and

G. Such other relief as the Court may deem just or equitable.

## COUNT III
### (§ 1983 Violation of Equal Protection)

30. Plaintiff Westermayer restates and realleges by reference paragraphs 1 through 30 above as though fully set forth herein against Defendants St. Louis Wing Company, LLC and Bobby Tessler.

31. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment that altered the terms and conditions of Plaintiff's employment.

32. The actions of Defendants against Plaintiff violate her equal protection right to

be free from gender discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

33.     Defendants failed to provide proper training to its managers, supervisors, and employees to prevent gender discrimination. Defendants' failure to train was deliberately indifferent to the rights of employees within its purview.

34.     The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1983.

35.     The actions of Defendants in intentionally engaging in and/or condoning discrimination against Plaintiff based on her gender caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

    **WHEREFORE**, Plaintiff respectfully requests:

    A.  All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

    B.  Compensatory damages in an amount to be determined at trial;

    C.  Defendants be required to pay pre-judgment interest to Plaintiff on these damages;

    D.  A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

    E.  A permanent injunction requiring the Defendants adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. § 1983;

    F.  The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

7

G.   Punitive damages as allowed by law against individual Defendants;

H.   An award of reasonable attorneys' fees, costs, and litigation expenses; and

I.   Such other relief as the Court may deem just or equitable.

**COUNT IV**
**(Discrimination in Violation of the Missouri Human Rights Act)**

36.      Plaintiff Westermayer restates and realleges by reference paragraphs 1 through 35 above as though fully set forth herein against Defendants St. Louis Wing Company, LLC and Bobby Tessler.

37.      Defendants intentionally and willfully discriminated against Plaintiff in the terms and conditions of her employment and upon information and belief have engaged in a pattern and practice of discrimination because of gender.

38.      Plaintiff's gender was the motivating factor in Defendants' decision to discriminate against her in the terms and conditions of her employment.

39.      Defendants knew, or should have known, of the illegal gender discrimination against Plaintiff and other similarly situated employees.

40.      Defendants failed to take prompt and appropriate corrective action to end the discrimination against Plaintiff and other similarly situated employees.

41.      Defendants failed to make good faith efforts to enforce their policies to prevent discrimination against their employees including Plaintiff.

42.      Defendants individually and/or jointly aided, abetted, incited, compelled, or coerced the commission of illegal discriminatory acts prohibited under this chapter, or they

attempted to do so, in violation of Plaintiff's statutory rights under the MHRA.

43.     All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

44.     As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include past and future lost wages and benefits; a detrimental job record; career damages and diminished career potential; pain and suffering; and garden variety emotional and mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, nightmares, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

45.     Defendants'' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, reckless indifference to, or conscious disregard for the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

46.     Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for actual compensatory, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT V
### (Sexual Harassment in Violation of the Missouri Human Rights Act)

47.      Plaintiff restates and realleges by reference paragraphs 1 through 46 above as though fully set forth herein against Defendants St. Louis Wing Company, LLC and Bobby Tessler.

48.      Defendants subjected Plaintiff to sexually explicit behavior that creates an intimidating, hostile or offensive working environment.

49.     Plaintiff's sex was the motivating factor in Defendants' conduct.

50.     Defendants knew, or should have known, of the sexual harassment against Plaintiff.

51.     Defendants failed to take prompt and appropriate corrective action to end  the harassment against Plaintiff.

52.     Defendants failed to make good faith efforts to enforce their policies to prevent harassment against their employees including Plaintiff.

53.     Defendants individually and/or jointly aided, abetted, incited, compelled,  or coerced the commission of illegal acts prohibited under this chapter, or they attempted to do so, in violation of Plaintiff's statutory rights under the MHRA.

54.     All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

55.     As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include past and future lost wages and

benefits; a detrimental job record; career damages and diminished career potential; pain and suffering; and garden variety emotional and mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, nightmares, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

56.     Defendants' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, reckless indifference to, or conscious disregard for the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

57.     Plaintiff is entitled to recover all her costs, expenses, expert witness fees,  and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

 **WHEREFORE**, Plaintiff prays for judgment against Defendants for actual compensatory, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

### COUNT  VI
### (Civil Battery against Defendant Bobby Tessler)

58.     Plaintiff restates and realleges by reference paragraphs 1 through 57 above as though fully set forth herein against Defendants St. Louis Wing Company, LLC and Bobby Tessler.

59.     By the actions alleged in paragraph 15, Defendant Tessler intentionally touched Plaintiff.

60.     The touching allege in the preceding paragraph was offensive to Plaintiff.

61.     Plaintiff was harmed as a result of this offensive and unconsented touching.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual compensatory, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all allegations contained in this Petition that are triable before a jury.

Respectfully Submitted,

**SWANSON, MARTIN & BELL, LLP**

By: /s/ Aaron G. Weishaar
   Aaron G. Weishaar, #49313
   One Bank of America Plaza
   800 Market Street, Suite 2100
   St. Louis, MO 63101
   314.242.0916 Direct
   314.242.0990 Fax
   aweishaar@smbtrials.com

   Attorney for Plaintiff